IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| AMIR IZADDOUST, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:25-CV-100-Z-BR |
| § | |
| GUARDIAN PARTNERS LLC D/B/A § | |
| ENERGIS SOLUTIONS, *et al.*, § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## TO DISMISS WITHOUT PREJUDICE

Plaintiff initiated this case by a Complaint filed May 6, 2025, which states that the Court has subject matter jurisdiction over the action based on diversity of citizenship. (*See* ECF 1 at 2). The case was referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Matthew J. Kacsmaryk. (ECF 6).

The undersigned ordered Defendant Guardian Partners, LLC to amend its Certificate of Interested Persons (COIP) four times, in order to properly identify every member in Defendant's multi-LLC ownership structure. (*See* ECF 7, 9, 26, 38). Guardian Partners, LLC filed its Fourth Amended COIP on October 3, 2025. (ECF 41). The Fourth Amended COIP states that Guardian Partners, LLC is owned 50% by Guardian Holdings, LLC and 50% by Agrinova, LLC. (*Id.*). Guardian Holdings, LLC is owned 100% by PHM Brands, LLC, a Colorado limited liability company, which is owned 100% by PHM Brands, LLC, a Delaware limited liability company. (*Id.*). PHM Brands, LLC (Delaware) is owned by 16 different LLCs, LPs, and trusts. (*Id.* at 1-2). Among those, Ledge III, LLC is owned by Mehdi Dezham, DDS, a citizen of Texas, and Raiders

Consulting Group, LLC is owned by Nannette and Jeffrey Walters, also Texas citizens. (*Id.* at 2).

Plaintiff's live pleading (the Second Amended Complaint, ECF 15) pleads that he is a citizen of Texas. Because Plaintiff and several members of Guardian Partners, LLC's ownership structure are citizens of Texas, there is no diversity of citizenship between the parties. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is determined by the citizenship of all of its members). The Court therefore lacks subject matter jurisdiction over this action. The Federal Rules of Civil Procedure establishes that, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Fifth Circuit has ruled that dismissal for lack of subject matter jurisdiction should be made without prejudice. *E.g., Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

## RECOMMENDATION

Unless either party is able to remedy the jurisdictional defect and alert the Court of such on or before October 21, 2025, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case be DISMISSED without prejudice. In the event that the parties are able to remedy the defect by the deadline, the undersigned will withdraw this Findings, Conclusions, and Recommendation as moot. This recommendation also terminates Defendants' pending Motions to Dismiss. (ECF 10, 19). This is not a ruling on the merits, and Defendants may refile their motions if jurisdiction is established.

ENTERED October 7, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *  NOTICE OF RIGHT TO OBJECT  *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988).